IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| T. PETER TAGUE, D.C. : |
| 878 Welsh Road : |
| Maple Glen, PA 19002 : C.A. NO. |
|    On Behalf Of Himself And All : |
|    Others Similarly Situated, : |
| : CLASS ACTION |
|                Plaintiff, : |
| : |
|           v. : |
| : |
| MPMSoft : |
| 3272 Villa Lane : |
| Napa, CA 94558 : |
|               Defendant. : |

_____

## CLASS ACTION COMPLAINT

Plaintiff, T. Peter Tague, D.C. ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorney, and except as to those allegations pertaining to Plaintiff or his attorney, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant MPMSoft ("Defendant"):

### I. INTRODUCTION

1.     Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), and as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227 et seq., and the regulations promulgated thereunder. Plaintiff seeks to represent a Class, defined below, who were sent one or more fax advertisements by or on behalf of MPMSoft during the class period.

2.     Unsolicited advertisements damage their recipients. A junk fax recipient loses the use of his or her fax machine, paper, and ink toner. Unsolicited faxes waste the

recipient's valuable time that would have been spent on something else. A junk fax intrudes upon and interrupts the recipient's privacy. Unsolicited faxes prevent the fax machine from receiving authorized and wanted faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require the unnecessary and additional expenditure of labor to attempt to discern the source and purpose of the unsolicited message.

      3.     Plaintiff seeks an award of statutory damages for each violation of the TCPA. Plaintiff also seeks to enjoin Defendant from future violation of the TCPA.

## II. PARTIES

      4.     Plaintiff T. Peter Tague is a chiropractor with offices located in Montgomery County, Pennsylvania. Plaintiff is, and at all relevant time has been, a resident and citizen of the Commonwealth of Pennsylvania. He brings this action individually and on behalf of a plaintiff class defined in paragraph 14 below.

      5.     Defendant MPMSoft is a California company with its principal place of business located in Napa, California. MPMSoft sells medical billing software. At all times material hereto, MPMSoft was engaged in business within the Commonwealth of Pennsylvania and within the Eastern District of Pennsylvania.

## III. JURISDICTION AND VENUE

      6.     This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d)(2). This is a class action filed under Rule 23 of the Federal Rules of Civil Procedure. The amount in controversy exceeds $5,000,000.00, exclusive of interests and costs and the Plaintiff and, it is believed, many members of the Class, are citizens of a State different from that of Defendant. Upon information and belief, Defendant has been

sending unsolicited advertisements to persons and entities throughout the United States for at least one (1) year and it is believed, and therefore averred, that more than 3,333 faxes have been sent to persons and entities nationwide.

7.  Venue is proper in this district pursuant to 28 U.S.C § 1391.  Defendant is subject to personal jurisdiction within this District.  A substantial part of the events or omissions giving rise to the claim occurred in this District as Defendant caused facsimile advertisements to be sent into this District in violation of the Junk Fax Prevention Act.

## IV.  **FACTUAL BACKGROUND**

8.  On January 31, 2007, April 2, 2007,  July 2, 2007,  July 16, 2007, November 14, 2007 and January 7, 2008, Plaintiff received on his facsimile machine unsolicited advertisements [as that term is defined in the Junk Fax Prevention Act, 47 U.S.C. § 227 (a)(5)] sent by or on behalf of Defendant.  To date, Plaintiff has received a total of six (6) unsolicited faxes sent by or on behalf of Defendant.  True and correct copies of the six (6) unsolicited fax advertisements received by Plaintiff are attached hereto as Exhibit A.

9.  Defendant did not have express invitation or permission to transmit facsimile advertisements to Plaintiff.

10.  Plaintiff does not have a prior established business relationship with Defendant.

11.  None of the faxes sent by Defendant contain an opt-out notice as required by 47 U.S. C. § 227(b)(1)(C) (iii) and 227(b)(2)(D) and the regulations promulgated thereunder at 47 CFR § 64.1200 (a)(3)(iii)(A)-(E).

.

12. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other members of the class even if its actions were only negligent.

13. Defendant's actions caused damages to Plaintiff and the other members of the class.  Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, the faxes tied up the fax machines of Plaintiff and the class members, and cost time and effort in receiving, reviewing and routing Defendant's illegal faxes, taking away from regular business activities.  Defendant's unwanted faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

## V. CLASS ACTION ALLEGATIONS

14. **Class Definition**.  Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons or entities that are holders of telephone numbers to which a facsimile transmission was sent by or on behalf of MPMSoft at any time between February 15, 2004 to and including the present (the "Class Period"), substantively similar to any of the faxes attached hereto as Exhibit A, or otherwise advertising MPMSoft.   Excluded from the class are Defendant, and its officers, directors, employees, agents, predecessors, successors, subsidiaries, parents and affiliates (the 'Class').

Plaintiff reserves the right to amend the definition of the Class upon completion of class certification discovery.

15. A class action is the only practical means available for members of the class to recover the statutory damages to which each is entitled, and to stop Defendant's unlawful conduct.

16. **Numerosity (F.R.C.P. 23(a)(1))**.  The class is so numerous that joinder of

4

all members is impracticable.  Plaintiff believes, and therefore avers, that faxes such as those attached hereto as Exhibit A were sent to thousands of persons and entities.  Indeed, the very nature of fax advertising indicates that the Class is more than sufficiently numerous to make joinder impracticable.  Identification of the members of the class can be ascertained in discovery of Defendant's database and/or from Defendant's other books and records, or from the records and/or database of the entity that sent the faxes on Defendant's behalf, if different.

      17.    **Commonality (F.R.C.P. 23(a)(2))**.  Common questions of law and fact apply to the claims of all class members.  Common material questions of law and fact include, but are not limited to, the following:

      a.    whether Defendant sent unsolicited fax advertisements;

      b.    whether Defendant's faxes advertise the  commercial availability of products, goods or services;

      c.    the manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

      d.    whether  Defendant violated the TCPA and the JFPA by sending unsolicited facsimile advertisements to the fax machine of Plaintiff and Class members as to render them liable to the Class;

      e.    Whether the faxes at issue contain a notice meeting the requirements of  47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi) and the regulations promulgated thereunder.

      f.    Whether the faxes were sent willfully and/or knowingly.

      g.    Whether Defendant should be enjoined from faxing advertisements

in the future.

18.     **Typicality (F.R.C.P. 23(a)(3))**.  Plaintiff's claims are typical of the claims of all class members.  Plaintiff is a class member who received facsimiles sent by or on behalf of Defendant during the Class Period.  Plaintiff is making the same claims and seeking the same relief for himself and all class members based on the same statute.  Defendant has acted in the same or similar manner with respect to Plaintiff and all other class members.

19.     **Fair and Adequate Representation (F.R.C.P. 23(a)(4))**.  Plaintiff will fairly and adequately represent and protect the interests of the class.   He is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

20.     **Need for Consistent Standards and Practical Effect of Adjudication (F.R.C.P. 23(b)(1))**.  Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant; and/or (b) as a practical matter, adjudication of plaintiff's claims will be dispositive of the interests of class members who are not parties.

21.     **Common Conduct (F.R.C.P. 23(b)(2))**.   Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all Class members thereby making injunctive and declaratory relief appropriate.  Plaintiff demands such relief as authorized by the JFPA.

22.     **Predominance and Superiority (F.R.C.P. 23(b)(3))**. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a)     Proof of the claims of the representative plaintiff will also prove

6

the claims of the Class without the need for separate or individualized proceedings.

(b) Evidence regarding any exceptions to liability that Defendant may attempt to assert and prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) Defendant has acted and is continuing to act pursuant to common policies and practices in the same or similar manner with respect to all class members.

(d) The amount likely to be recovered by individual class members does not support protracted individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs.

(e) This case is inherently manageable as a class action in that:

(i) Defendant, or the entity that sent the faxes on Defendant's behalf, maintains computer and business records which will enable Plaintiff to readily identify class members and establish liability and damages.

(ii) liability and damages can be established for Plaintiff and the class with the same common proofs.

(iii) statutory damages are provided for in the statute and are the same for all class members are can be calculated in the same or similar manner.

(iv) a class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense.

(v) a class action will contribute to uniformity of decisions concerning Defendants' practices.

(vi) as a practical matter, the claims of the Class are likely to go unredressed absent class certification.

## VI.  FIRST CAUSE OF ACTION
**(Violation of the Junk Fax Prevention Act of 2005 and Telephone Consumer Protection Act of 1991)**

7

23. Defendant's conduct constitutes a violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(C), which prohibits the use of a telephone facsimile machine, or computer, or other device, to send an unsolicited advertisement to another facsimile machine. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's good or services and that no established business relationship existed with Plaintiff and the other members of the class.

25. Defendant knew or should have known that the faxes did not contain an opt-out notice meeting the requirements of 47 U.S.C. § 227(b)(1)(C)(iii) and (b)(2)(D)(i)-(vi), and the regulations promulgated thereunder.

26. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time because he wasted time which otherwise would have been spent on business activities in receiving and reviewing the illegal faxes. Finally, Defendant's faxes unlawfully interrupted and interfered with Plaintiff and the other class members' privacy interest in being left alone.

27. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' time, those facts are irrelevant because the TCPA is a strict liability statute.

28. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the members of the Class for minimum damages in the amount of $500.00. for each statutory violation. Sending unsolicited faxes and failing to provide the required opt-out notice are separate statutory violations for which Defendant is liable.

29. Pursuant to 47 U.S.C. §227(b)(3)(A), Plaintiff seeks to permanently enjoin Defendant from violating the Act as described above.

## VII.  SECOND CAUSE OF ACTION
### (Common Law Conversion)

30. By sending the illegal faxes, Defendant improperly and unlawfully converted Plaintiff and the class members' fax machines, toner, paper and time to its own use, and caused undue wear and tear on Plaintiff and the class members' fax machines. Defendant knew or should have known that the misappropriation of Plaintiff and the class members' property for its own use to transmit its advertisements was wrongful and without authorization.

31. During the time the unsolicited faxes were being received, Plaintiff's fax machine was unavailable for use by Plaintiff. Likewise, Plaintiff and the class members' paper and toner was taken by Defendant and used for its unsolicited faxes and is no longer available for Plaintiff and the other class members' exclusive use.

32. The sending of the unsolicited faxes at issue herein was without lawful justification. Defendant is liable to Plaintiff and the members of the class for damages suffered as a result of the conversion of their property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant, and requests that the Court:

9

     A.     Certify this action as a class action;

     B.     Award the full amount of statutory damages for each statutory violation as authorized by 47 U.S.C. § 227(b)(3) to Plaintiff and each member of the Class and against Defendant;

     C.     Enjoin Defendant from further violations of the JFPA;

     D.     Award attorneys' fees and costs based on the common fund doctrine and/or upon any applicable statute;

     E.     Grant such other and further relief as the Court deems fair and proper under the circumstances.

The total claim in this action is for an amount in excess of arbitration limits.

Dated: February 13, 2008                           Respectfully submitted,

                                                /s/ Ann M. Caldwell
                                                Ann M. Caldwell/AMC1953
                                                Pa. I.D. No. 42252
                                                **CALDWELL LAW OFFICE LLC**
                                                108 W. Willow Grove Ave., Suite 300
                                                Philadelphia, PA 19118
                                                (215) 248-2030
                                                (215) 248-2031 (fax)

                                                **Attorney for Plaintiff and the Class**